IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MIRZABEKOV IGOR,
    Petitioner,

vs.                               Case No. 4:08cv213/SPM/EMT

MICHAEL B. MUKASEY, et al.,
    Respondents.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 4). Petitioner challenges his detention in the Wakulla County Jail (Wakulla) by federal immigration officials. He states a final order of removal from the United States was issued on August 16, 2004 (*id.* at 3). Petitioner does not challenge the validity of the removal order, rather, he challenges his continued detention on the ground that immigration officials are unable to deport him in the reasonably foreseeable future because the country of his birth, the Republic of Georgia, has refused to issue travel documents to him (*id.*). As relief, Petitioner seeks an order directing Respondents to immediately release him from custody (*id.* at 6).

        On July 2, 2008, Respondents filed a motion to dismiss advising that Petitioner was released from the custody of Immigration and Customs Enforcement (ICE) on June 6, 2008, "since the government of the Republic of Georgia declined to issue Petitioner travel documents" (Doc. 14 at 2). Attached to the motion is a print-out showing that Petitioner was released to supervision from Wakulla on June 6, 2008 (Doc. 14, Ex. 1). Petitioner did not notify the court of a change of address, and copies of orders sent to Petitioner by the court on June 10 and 11, 2008, were returned to the court by the Wakulla County Jail marked, "NO LONGER HERE RETURN TO SENDER " (*see* Docs. 6, 7, 9, 16).

Respondents assert this case is moot because Petitioner sought only release from detention and because he has been released, a favorable decision in this case will not redress any actual injury traceable to his detention (Doc. 14 at 3–4).

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Petitioner's ultimate objective in bringing this habeas action was release from detention. Since he has been released from detention, the undersigned finds that there is no longer a case or controversy to litigate. A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome." *See* Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); Augustin v. Mukasey, et al., No. 4:08cv56/RH/WCS, 2008 WL 2357747, at *1 (N.D. Fla. June 4, 2008) (dismissing habeas petition as moot where petitioner sought release from detention by federal immigration officials and was released from detention during pendency of habeas action). Because Petitioner has been granted the relief he sought, release from detention, no further action need be taken on this case. This petition is, accordingly, moot and the motion to dismiss should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED**:

1. That Respondents' motion to dismiss (Doc. 14) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (Doc. 4) be **DISMISSED as moot**.

At Pensacola, Florida, this 14th day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**